UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MARCOS VALDEZ MORAN, | ) | 1:08-cv-01788-TAG HC |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED AS BEING ENTIRELY UNEXHAUSTED |
| | ) | |
| v. | ) | ORDER DIRECTING PETITIONER TO FILE RESPONSE WITHIN THIRTY DAYS |
| KEN CLARK, Warden, SATF-CSP, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). The Court has conducted a preliminary review of the petition.

**DISCUSSION**

A. Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).

1

B. <u>Exhaustion of State Remedies</u>

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. a364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 8-9 (1992), <u>superceded by statute as stated in</u> <u>Williams v. Taylor</u>, 529 U.S. 420, 432-434 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. <u>Duncan</u>, 513 U.S. at 365-366; <u>Lyons v. Crawford</u>, 232 F.3d 666, 669 (9th Cir. 2000), <u>amended</u>, 247 F.3d 904 (2001); <u>Hiivala v. Wood</u>, 195 F.3d 1098, 1106 (9th Cir. 1999); <u>Keating v. Hood</u>, 133 F.3d 1240, 1241 (9th Cir. 1998). In <u>Duncan</u>, the United States Supreme Court reiterated the rule as follows:

> In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

<u>Duncan</u>, 513 U.S. at 365-366.

///

///

2

The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons, 232 F.3d at 668-669 (italics added).

Petitioner asserts in this petition the following grounds for relief: (1) ineffective assistance of trial counsel; (2) denial of Petitioner's right to due process because insufficient evidence supports the conviction; and (3) ineffective assistance of appellate counsel. (Doc. 2). Petitioner alleges that he filed a direct appeal in the California Court of Appeal, Fifth Appellate District, and that he also filed a petition for review in the California Supreme Court. (Doc. 2, p. 8). However, with regard to the petition for review, Petitioner alleges that it "raised a single issue not advanced herein...." (Id.). Petitioner does not allege that he filed any petitions for writ of habeas corpus in the state courts containing the claims in the instant petition or that he has ever presented the three claims contained in the instant petition to the California Supreme Court.[1]

From the foregoing, it appears that none of the claims in the instant petition were ever presented to the California Supreme Court. If Petitioner has not presented his claims for federal relief to the California Supreme Court, the Court must dismiss the petition. See Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997). The Court cannot consider a petition that is entirely unexhausted. Rose v. Lundy, 455 U.S. at 521-22.

Petitioner will be ordered to show cause why the petition should not be dismissed for failing to exhaust state court remedies. Should it be the case that the claims were exhausted and that

---

[1] The Court notes that the petition references various documents, denominated Exhibits A and B, that are not in fact filed with the Court or otherwise attached to the petition.

3

Petitioner has simply neglected to inform the Court of that fact, Petitioner should make clear in his response when and in what court the three claims were raised. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[2]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this order why the petition for writ of habeas corpus (Doc. 2) should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in dismissal of the petition pursuant to Local Rule 11-110.

IT IS SO ORDERED.

Dated: **March 18, 2009**          /s/ Theresa A. Goldner
                                    UNITED STATES MAGISTRATE JUDGE

---

[2] A copy of the California Supreme Court's denial <u>alone</u> is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claims now presented and a file stamp showing that it was indeed filed in that Court.

4